## Samuel Zettlemeyer v. Lee Shuler.

### Decided December 16, 1908.

**1.—Evidence—Certificate of State Officer—Statute Construed.**

Under the provisions of article 2308, Sayles Civ. Stats., a copy from the records of the State Treasurer of an account duly certified by him showing

the payment of principal and interest due the State by a purchaser of school land, is competent evidence, and not subject to the objection that it was the conclusion of the treasurer.

### 2.—School Land—Sale by Commissioner—Presumption—Burden of Proof.

When school land has been sold and awarded by the Commissioners of the General Land Office to one purchaser such sale and award will be presumed to be valid, and the burden of proof is on a subsequent purchaser of the same land to prove the invalidity of the first sale and award. The action of the Commissioner is not conclusive upon the question of conflicting property rights of the claimants.

### 3.—Same—Certificate of Occupancy—Effect.

It seems that under the case of Logan v. Curry, 95 Texas, 668, a certificate of occupancy by the Commissioner of the Land Office is conclusive of the question of occupancy of the home section by a purchaser of school land.

### 4.—Same—Purchaser of Additional Section—Occupancy.

A purchaser of school land who had proved his three years' occupancy of the home section at the time he applied for and was awarded an additional section, is not required to occupy either section for three years next after the purchase of the additional section.

Appeal from the District Court of Kimble County. Tried below before Hon. Clarence Martin.

*Moursund, Moursund & Rowe,* for appellant.—The court erred in rendering judgment for plaintiff because the evidence fails to establish that plaintiff's purchase of section 46, the alleged home section, was in good standing at the time of his alleged purchase of the section in controversy as additional land, especially in this, that it fails to show that he paid the annual interest accrued on same, and fails to show that he had not already purchased the quantity of additional land to which he was entitled. Rev. Stat., art. 4218la; Act of the 27th Leg., chap. 123, sec. 3, page 294.

The court erred in rendering judgment for plaintiff, because the evidence shows that plaintiff's pretended purchase of the section of school land in controversy was in 1907, and prior to the institution of this suit, upon sufficient evidence adduced before him, lawfully cancelled by the Commissioner of the General Land Office of the State of Texas, and such finding and cancellation by said commissioner is conclusive and binding on the courts and can not be collaterally attacked nor set aside or annulled by the courts, and no title legal or equitable to the land in controversy was vested in plaintiff at the time this suit was instituted, nor at the time of trial of same. Cooley v. Cautt, Lim. St., 41; Luckie v. Watt, 77 Texas, 262.

Where a person has actually resided on home tract for three consecutive years and made proof of such fact and received certificate of occupancy, relieving him from further residence on home tract, as far as it is concerned, and thereafter makes application to purchase additional land, he must again become an actual settler and reside on said home tract at time he applies to purchase additional land, or become such actual settler and resident within ninety days after his application is accepted and make proof of such fact as required by law. Acts of 29th Leg., chap. 103, secs. 3 and 4; Burleson v.

Durham, 46 Texas, 157; Metzler v. Johnson, 1 Texas Civ. App., 137; Batts Rev. Stats., 4218fff.

*Wilson & Blackburn* and *E. Cartledge,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellee against appellant, in the form of an action of trespass to try title, to recover a 640 acre survey, No. 52, located in Kimble County, for the public school fund by virtue of certificate No. 1426, issued to Beaty, Seale & Forwood. The appellant answered by a general denial and a plea of not guilty. The case was tried without a jury and judgment rendered for the plaintiff.

*Conclusions of Fact.*—Section 46 in Kimble County, located for the public free school fund by virtue of certificate No. 1-306, issued to Beaty, Seale & Forwood, was purchased by W. H. Howell and awarded him by the State as an actual settler on October 18, 1902, and was by the heirs of Howell transferred to plaintiff on February 1, 1904.

Lee Shuler, plaintiff, made proof of occupancy of said section by Howell and himself for three years from date of sale, October 13, 1905, and filed the same in General Land Office on January 22, 1905, and certificate of occupancy was issued to him by the commissioner.

Section 52, the land in controversy, was awarded to Shuler on March 31, 1906, upon his application dated March 1, 1906, and filed in the General Land Office March 9, 1906, as additional land to his home section No. 46. This award was, on October 23, 1907, cancelled by the Commissioner of the General Land Office for failure of Shuler to reside on his home tract.

On October 26, 1907, section 52, which is in controversy, was awarded to Samuel Zettlemeyer, the defendant, on his application of September 2, 1907, and filed in the General Land Office September 4, 1907, as additional land to section 12, certificate of 0-123, J. H. Gibson, and he is in possession under said award. The section in controversy is within a radius of five miles of both sections 46 and 12 above mentioned.

The facts above recited were admitted by the parties upon the trial.

The only controverted issue in the case is whether Shuler was an actual settler upon and resided on section 46 on March 1, 1906, when he filed his application in the General Land Office to purchase section 52 and it was awarded him as additional land to his home section. The evidence upon this issue was reasonably sufficient to support an affirmative finding, and we concur with the trial court in such conclusion.

*Conclusions of Law.*—1. The court did not err in admitting in evidence, over objection of appellant, that it was secondary, a copy from the records of the office of the State Treasurer of an account, duly certified to by him, showing the payment of principal and interest due the State upon section 46, B. S. & F. (art. 2308, Sayles' Texas Civ. Stats.). This certificate is not of the conclusions of the

treasurer, but of what is "contained in the . . . *records* of his office," which is admissible as original evidence under the statute cited.    (Smithers v. Lowrance, 100 Texas, 77.)

2.    This, in effect, disposes of appellant's contention under the second assignment, that there was no legal proof of the payment of interest on section 46.    It would seem, under the authority of Smithers v. Lowrance, *supra,* that inasmuch as the land in controversy had been sold and awarded by the Commissioner of the General Land Office to the appellee, it was incumbent upon appellant, who claimed under a subsequent award, to show any fact or facts which would render ineffective the previous sale. For, as is said in that case, "The Commissioner of the General Land Office is without authority to sell school land which has been legally sold, where the purchase is kept in good standing, and it is an usurpation of power for him to do so.    We think therefore that before any presumption of the validity of the second sale can be indulged, the burden is upon the purchaser at the second sale to show the invalidity of the first."

3.    The contention that the forfeiture by the Commissioner of the General Land Office of appellee's purchase of the section in controversy is conclusive against his right to the land, is refuted by the language above quoted from the Supreme Court.    The property or rights of no person in this State can be taken from him by usurpation of official authority.    The highest officer in this State is as much subject to the law as the humblest individual.    Because an officer's duties may be great by reason of the services the people have commissioned him to perform, does not place him above the law, but only lays more of its burdens upon him than upon others, and bids him carry them faithfully in obedience to and in the interest of those from whom he received his trust.

4.    Under the fourth assignment of error it is contended that the evidence fails to show that at the time appellee applied to purchase the section in controversy he resided on the alleged home section, or that he resided thereupon when section 52 was awarded him or thereafter.

While the evidence is conflicting on the issues as to whether appellee resided on section 46 when he made application to purchase section 52, and when it was awarded him, it is, as held in our conclusions of fact, reasonably sufficient to support the findings in the affirmative of the trial court.

Besides, it would seem that the effect of issuing the certificate of occupancy by the Commissioner of the General Land Office, is conclusive of the question of occupancy of section 46 (Logan v. Curry, 95 Texas, 668) ; and that appellee, having proved his three years occupancy and being in actual occupancy when he applied for and was awarded the section in controversy, it was not incumbent upon him to occupy either section for three years next after the purchase of the one involved in this suit.    (Sec. 6, chap. 103, Acts of 29th Leg., 163.)

There is no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.